BENJAMIN BRUCE et al., Plaintiffs, *v.* BERROCO, INC., et al., Defendants.

Supreme Court, Special Term, New York County, May 2, 1962.

*Newman, Aronson & Neumann* (*Mannis Neumann* of counsel), for Berroco, Inc., defendant. *Fink & Pavia* (*David A. Botwinik* of counsel), for plaintiffs.

SAMUEL M. GOLD, J. Defendant, Berroco, Inc., moves pursuant to rule 107 of the Rules of Civil Practice for dismissal of the first and second causes upon the ground that the claims or demands have been released. Both causes are based on an agreement of May 18, 1960, by which plaintiff Bruce was employed by the moving defendants' predecessor on a commission basis. A later agreement was made, dated September 29, 1960, as a result of differences arising out of the earlier agreement. In that agreement, it was provided among other things that " In addition to the amounts hereinabove set forth to be paid by Rosenberg to Bruce, Rosenberg agrees to pay to Bruce or his assignee, fifty (50%) percent of all commissions paid by Stanley Woolen Co. to Rosenberg during the period up to May 15, 1961, on sales made for Stanley Woolen Co. by Moss-Still Co., said amounts to be paid over by Rosenberg to Bruce as received by Stanley ".

The first two causes are concerned with the commissions which should have been paid to the plaintiffs, as they allege, for the period January, 1961 to May 15, 1961 with respect to the quoted paragraph above. The release in issue is dated June 23, 1961. The plaintiffs urge that until January 1, 1961, payment of commissions was received by Rosenberg with respect to Moss-Still sales and such payments ceased after January 1, 1961, plaintiffs being informed that since January 1, 1961 all shipments were made through Berroco, the new name of the company, and that the sales subject to paragraph 8 of the September 29, 1960 agreement were reflected in payments made under paragraph 4 of that agreement. However, plaintiffs have learned, as stated, that substantial sales still were made through Moss-Still which were not accounted for and that the release was given on a mistaken basis and as a result of fraud. Conse-

670

quently, the moving defendant cannot have judgment on the basis of this submission.

The question remaining is whether the defendant should be permitted to set up the defense in its answer or whether there should be a preliminary trial at this time, pursuant to rule 108 of the Rules of Civil Practice. If the release is found good, the case is ended as to the first two causes. If the release is found not to be good, there would then remain, as it would seem, a mere discovery and computation of any sales made under paragraph 8 of the latter agreement. The motion is granted to the extent of directing a trial of the issues under rule 108.